IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | : | Civil No. 1:20-CV-01114 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TRADITIONS OF AMERICA, LP, *et al.* | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is a subrogation action brought by Plaintiff State Farm Fire & Casualty Company ("State Farm") as subrogree for Glenn T. and Amy Roe ("Subrogors") to recover for damages caused by a fire at Subrogors' home on January 19, 2020. The case is presently before the court on a motion to dismiss for failure to state a claim upon which relief may be granted filed by Defendant Elite Mechanical Group ("Elite Mechanical"). For the reasons that follow, the motion is denied.

### BACKGROUND AND PROCEDURAL HISTORY

State Farm initiated this case through the filing of a complaint on June 30, 2020, naming as defendants Elite Mechanical, Traditions of America, LP, and Goodman Manufacturing Group, L.P. ("Goodman"). (Doc. 1.) Elite Mechanical moved to dismiss the complaint on July 31, 2020, and in response, State Farm filed an amended complaint on August 14, 2020. (Docs. 7, 9.)

1

According to the allegations in the amended complaint, Subrogors owned a residential property in Lititz, Pennsylvania, and Defendant Traditions of America was hired as the general contractor to construct a home on the property. (Doc. 9 ¶¶ 3, 11.) Elite Mechanical was hired as a subcontractor to provide HVAC-related services on the property, including the installation of a furnace. (*Id.* ¶ 12.)

Subsequent to the installation of the furnace, Subrogors contacted Elite Mechanical requesting service on the furnace based on a noise coming from the furnace. (*Id.* ¶ 33.) Elite Mechanical came to the property on an unspecified date and performed maintenance work on the furnace. (*Id.* ¶ 34.) During this visit, Elite Mechanical tightened some bolts, but failed to diagnose or correct the noise issue that had prompted Subrogors to contact Elite Mechanical. (*Id.*)

The noise issue continued after this visit, which prompted Subrogors to request another visit from Elite Mechanical. (*Id.* ¶ 35.) Elite Mechanical came to the property, but because Subrogors were not present at the time, Elite Mechanical did not enter the home or perform any work on the furnace. (*Id.* ¶ 36.) Elite Mechanical did not provide any notice to Subrogors that it had attempted to visit the property and did not follow up with Subrogors in any other way. (*Id.*)

On January 19, 2020, a fire started in the furnace on Subrogors' property. (*Id.* ¶ 37.) The fire was "related to the noise issues that the subrogors had noticed and attempted to have Elite [Mechanical] service." (*Id.*) Based on Elite

Mechanical's actions in allegedly contributing to the cause of the fire, Plaintiff brought claims in the amended complaint against Elite Mechanical alleging negligence and breach of the implied warranties of workmanlike work and quality workmanship.  (*Id.* ¶¶ 30–44.)

Elite Mechanical moved to dismiss the amended complaint for failure to state a claim upon which relief may be granted on August 26, 2020.  (Doc. 10.)  Briefing on the motion has concluded, and it is ripe for the court's review.  (*See* Docs. 11, 15-1, 16.)  Defendant Traditions of America filed an answer to the amended complaint on October 2, 2020, which included crossclaims against Elite Mechanical and Goodman.  (Doc. 18.)  Elite Mechanical filed an answer to the crossclaims on October 5, 2020.  (Doc. 19.)  Goodman has not been served with process and accordingly has not filed a response to State Farm's complaint or Traditions of America's crossclaims.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332, which allows a district court to exercise subject matter jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000.[1]

---

[1] Although complete diversity does not exist between Subrogors and Defendants, that fact is irrelevant to the court's jurisdictional analysis because Subrogors are not parties to this action and the relevant question in a subrogation action is the citizenship of the subrogee rather than the

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

In briefing on its motion to dismiss, Elite Mechanical argues that State Farm's claims against Elite Mechanical should be dismissed because: (1) the

---

subrogor. *See, e.g.*, *Fallat v. Gouran*, 220 F.2d 325, 326 (3d Cir. 1955); *Fid. & Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*, 936 F. Supp. 2d 441, 444 n.1 (D.N.J. 2013).

amended complaint fails to allege that Elite Mechanical breached a duty of care; (2) it fails to allege that Elite Mechanical's actions caused Subrogors' injuries; and (3) it fails to allege that Elite Mechanical breached the implied warranties of workmanlike work and quality workmanship. (Doc. 11.)

To state a claim for negligence under Pennsylvania law, a plaintiff must allege (1) that the defendant owed a duty of care to the plaintiff, (2) that the defendant breached that duty, (3) that the defendant's breach proximately caused the plaintiff's injuries, and (4) that the plaintiff suffered actual loss or damage as a result of the defendant's actions. *Brewington ex rel. Brewington v. City of Philadelphia*, 199 A.3d 348, 355 (Pa. 2018).

In this case, the amended complaint adequately alleges negligence on the part of Elite Mechanical. The amended complaint alleges that Subrogors requested service from Elite Mechanical based on a perceived problem with the Subrogors' furnace and that Elite Mechanical performed maintenance work on the furnace but failed to correct the perceived problem. (Doc. 9 ¶¶ 33–36.) These allegations are sufficient to allege that Elite Mechanical owed a duty of care to Subrogors and breached that duty. The amended complaint also alleges that the fire at Subrogors' house was "related to the noise issues that Subrogors had noticed and attempted to have Elite [Mechanical] service," which is sufficient to allege causation. (*Id.* ¶ 37.)

Finally, the amended complaint alleges extensive damage as a result of Elite Mechanical's actions.  (*See id.* ¶ 38.)

The amended complaint also states a claim for breach of the implied warranties of workmanlike work and quality workmanship.  To state such a claim, a complaint must allege that a defendant failed to perform work in a reasonable and workmanlike manner.  *Delaware, Lackawaxen & Stourbridge R.R. Co. v. Star Trak, Inc.*, No. 3:18-CV-00480, 2018 WL 5296292, at *3 (M.D. Pa. Oct. 25, 2018); *Groff v. Pete Kingsley Bldg., Inc.*, 543 A.2d 128, 132 (Pa. Super. Ct. 1988).  Here, the amended complaint adequately alleges a breach of the implied warranties of workmanlike work and quality workmanship because it alleges that Elite Mechanical was made aware of a defect in Subrogors' furnace and failed to repair that defect.  (Doc. 9 ¶¶ 33–36.)

## CONCLUSION

For the foregoing reasons, Elite Mechanical's motion to dismiss is denied. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: November 16, 2020