# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | : | Civil No. 1:20-CV-01114 |
| Plaintiff, | : | |
| v. | : | |
| TRADITIONS OF AMERICA, LP, ELITE MECHANICAL GROUP, and GOODMAN MANUFACTURING COMPANY, LP | : | |
| Defendants. | : | |
| and | : | |
| GOODMAN MANUFACTURING COMPANY, LP, | : | |
| Third-Party Plaintiff, | : | |
| v. | : | |
| NIDEC MOTOR CORPORATION, | : | |
| Third-Party Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is a subrogation action brought by Plaintiff State Farm Fire & Casualty Company ("Plaintiff" or "State Farm") as subrogee for Glenn T. and Amy Roe ("Subrogors") to recover for damages caused by a fire at Subrogors' home on January 19, 2020. The fire allegedly originated in a furnace in the Subrogors' home. Plaintiff brings claims in the case against three defendants: Traditions of

1

America, LP ("Traditions of America"), which was the general contractor that oversaw the construction of the Subrogors' home; Elite Mechanical Group ("Elite Mechanical"), which was the HVAC subcontractor that supplied, installed, and maintained the furnace; and Goodman Manufacturing Company, LP ("Goodman"), which manufactured the furnace. Goodman subsequently brought a third-party complaint against Nidec Motor Corporation ("Nidec"), which manufactured some of the component parts of the furnace. Nidec has moved to dismiss the third-party complaint for failure to state a claim upon which relief may be granted. Nidec's motion to dismiss is ripe for the court's review, and for the reasons that follow, the motion is granted.

## BACKGROUND AND PROCEDURAL HISTORY

State Farm initiated this case through the filing of a complaint on June 30, 2020. (Doc. 1.) Defendant Elite Mechanical moved to dismiss the complaint on July 31, 2020, and in response, State Farm filed an amended complaint on August 14, 2020. (Docs. 7, 9.) As relevant to the instant motion to dismiss, the amended complaint brought causes of action against Defendant Goodman for negligence, strict products liability, and breach of warranty. (Doc. 9, ¶¶ 45–70.) Defendant Traditions of America filed an answer to the amended complaint on October 2, 2020, which included crossclaims against Defendants Elite Mechanical and Goodman. (Doc. 18.) Elite Mechanical filed an answer to the crossclaims on

October 5, 2020, which also asserted a crossclaim against Traditions of America. (Doc. 19.)

The court denied Defendant Elite Mechanical's motion to dismiss on November 16, 2020, *see* Docs. 26–27, after which Elite Mechanical filed an answer to the complaint on December 2, 2020, which included crossclaims against Defendants Traditions of American and Goodman. (Doc. 28.) Goodman answered the amended complaint on January 20, 2021, and included crossclaims against Traditions of America and Elite Mechanical. (Doc. 35.) Elite Mechanical answered Goodman's crossclaim on January 27, 2021. (Doc. 36.)

On February 1, 2021, Goodman filed a third-party complaint against Nidec. (Doc. 37.) The third-party complaint incorporates the allegations of the amended complaint "without admission or adoption." (*Id.* ¶ 5.) The third-party complaint additionally alleges that an inspection performed in the Subrogors' home after the fire revealed that the motor mounts that held the motor to the furnace were broken. (*Id.* ¶ 6.) The third-party complaint alleges that Nidec manufactured the motor and the motor mounts and sold those pieces to Goodman for incorporation into the furnace. (*Id.* ¶ 7.) Thus, the third-party complaint states, "[t]o the extent it is alleged that the Nidec Manufactured motor, and its related parts including the motor mounts, are defective and caused the fire, Nidec is jointly liable or liable

over to Goodman for contribution and indemnity based on strict liability, negligence and breach of express and implied warranty." (*Id.* ¶ 8.)

Nidec moved to dismiss the third-party complaint on February 24, 2021. (Doc. 39.) Goodman filed a brief in opposition to the motion on March 8, 2021, and Nidec filed a reply brief on March 22, 2021, making the motion ripe for the court's review. (Docs. 41–43.) Defendant Elite Mechanical has additionally filed a crossclaim against Nidec, which incorporates Goodman's third-party complaint by reference. (Doc. 45.)

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332, which allows a district court to exercise subject matter jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000.[1]

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

---

[1] Although complete diversity does not exist between Subrogors and Defendants, that fact is irrelevant to the court's jurisdictional analysis because Subrogors are not parties to this action and the relevant question in a subrogation action is the citizenship of the subrogee rather than the subrogor. *See, e.g.*, *Fallat v. Gouran*, 220 F.2d 325, 326 (3d Cir. 1955); *Fid. & Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*, 936 F. Supp. 2d 441, 444 n.1 (D.N.J. 2013).

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

### DISCUSSION

In its motion to dismiss, Nidec argues that the third-party complaint fails to state a claim upon which relief may be granted.  (Doc. 39.)  Nidec first argues that the Plaintiff's amended complaint—which forms the basis of the third-party complaint through incorporation by reference—fails to state a claim upon which relief may be granted because it only makes "general assertions regarding defects or defective conditions relating to the subject furnace," and does not make any "factual averments as to the specific defect(s) that allegedly caused the fire at the Roe residence." (*Id.* at 6.)

Nidec further argues that the third-party complaint fails to state a claim upon which relief may be granted because it only brings a claim against Nidec "to the extent it is alleged that the Nidec manufactured motor, and its related parts including the motor mounts, are defective and caused the fire." (*Id.* at 7 (emphasis omitted).) According to Nidec, this language "does not allege that the motor or its related parts, including the motor mounts, were defective," because it only makes such an allegation to the extent that it is already alleged. (*Id.*) "The language is critical," Nidec continues, "because it implies that neither Third-Party Goodman nor original plaintiff currently allege that the motor mounts were defective." (*Id.*)

Goodman argues that the motion to dismiss should be denied because its third-party complaint adequately states a claim against Nidec. (Doc. 42.) Goodman notes that Plaintiff's amended complaint "extensively" pleads "that the reviewing/servicing of the HVAC system and/or the furnace's design and manufacture resulted in the alleged fire," and asserts that the third-party complaint "unambiguously identifie[s] the specific, allegedly defective Nidec product that State Farm alleges contributed to the fire: the motor and accompanying motor mounts that hold the motor to the furnace." (*Id.* at 5–6.)

Goodman further argues that Nidec's argument relating to the language "to the extent it is alleged" misconstrues Goodman's third-party complaint. (*Id.* at 6.) According to Goodman, "to the extent it is alleged" refers only to "the fact that

6

State Farm pleads alternative theories of liability in its Amended Complaint—an installation/service issue or a defective design/manufacture issue." (*Id.* at 7.) Goodman also provides further information on the theory by which it seeks to hold Nidec liable, noting that Plaintiff's counsel has "[i]nformally . . . explained that its expert believes a weld Nidec used with one of the motor mounts was defective and failed, causing the motor to shift and eventually leading to the fan failing to cool the furnace and the ensuing high heat to cause the fire." (*Id.* at 3.)

    Nidec argues in its reply brief that the allegation that the motor mounts were found broken after the fire is not by itself sufficient to state a claim upon which relief may be granted, as "there is no language in the Third-Party Complaint as to how the motor mounts broke, or how the broken motor mounts contributed to the fire." (Doc. 43, p. 1.) Nidec reiterates its argument that the phrase "to the extent it is alleged" is critical because it indicates the absence of any actual allegation against Nidec. (*Id.* at 1–2.) Finally, Nidec argues that the "informal" theory of the case purportedly offered by Plaintiff's counsel to support Goodman's third-party claim against Nidec is not a sufficient basis to defeat Nidec's motion to dismiss. (*Id.* at 2.)

    Having reviewed the third-party complaint and the parties' arguments, the court will grant Nidec's motion to dismiss. The only factual allegations made against Nidec in the third-party complaint are that the motor mounts on the

Subrogors' furnace were found broken after the fire and that Nidec manufactured the motor and the motor mounts. (*See* Doc. 37, ¶¶ 6–7.) There is no allegation of any specific defect in the motor or the motor mounts, nor is there any allegation of what caused the motor mounts to break or why Nidec is responsible for them breaking. Absent such allegations, the third-party complaint fails to state a claim upon which relief may be granted against Nidec. Although the third-party complaint attempts to hold Nidec liable "[t]o the extent it is alleged that the Nidec manufactured motor, and its related parts including the motor mounts, are defective and caused the fire," the court agrees with Nidec that this language is insufficient to defeat a motion to dismiss, as neither the third-party complaint nor the amended complaint actually alleges any defect in the motor or other parts manufactured by Nidec.

State Farm's reliance on the "informal" theory of the case purportedly offered by Plaintiff's counsel as to what defects were present in the Nidec-manufactured products is also insufficient to defeat the motion to dismiss, as no such theory was pleaded in the third-party complaint and a complaint "may not be amended by the briefs in opposition to a motion to dismiss." *Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). The court will therefore grant Nidec's motion to dismiss Goodman's third-party complaint.

Having reached that conclusion, the court turns its attention to Goodman's request for leave to file an amended third-party complaint to cure any defects identified by the court.  The court will grant Goodman's request because the court finds that amendment of the third-party complaint would be neither inequitable nor futile.  *See, e.g.*, *Banks v. Allstate Fire & Cas. Ins. Co.*, 454 F. Supp. 3d 428, 438 (M.D. Pa. 2020).

Finally, because the crossclaim filed by Defendant Elite Mechanical against Nidec is based on the same allegations made by Goodman in the third-party complaint and incorporates those allegations by reference, *see* Doc. 45, it appears to the court that sua sponte dismissal of Elite Mechanical's crossclaim against Nidec is appropriate.  *See Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) (holding that a court may dismiss a claim sua sponte if "the complaint affords a sufficient basis for the court's action").  Before dismissing a claim sua sponte, however, the court should ordinarily provide notice of its intention to take such an action and provide an opportunity to respond.  *Huber v. Taylor*, 532 F.3d 237, 249 (3d Cir. 2008).  Accordingly, the court hereby states its intention to sua sponte dismiss Elite Mechanical's crossclaim against Nidec.  The court will provide Elite Mechanical an opportunity to respond in the order that accompanies this memorandum.

## CONCLUSION

For the foregoing reasons, Nidec's motion to dismiss is granted and Goodman's third-party complaint is dismissed without prejudice. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: July 22, 2021